UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRANDIE MINOR,**

      Plaintiff,

v.                                                  CASE NO. 8:13-cv-375-JDW-TBM

**SYKES ENTERPRISES, INC.,**

      Defendant.
_____/

**JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL
WITH PREJUDICE, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff and Defendant Sykes Enterprises, Incorporated (collectively "the Parties") hereby seek the Court's approval of the Parties' Settlement Agreement and the terms and conditions of the settlement which includes the payment of fees and costs hereunder to Plaintiff's counsel, and dismissal of the instant action with prejudice. The grounds for said Motion are as follows:

**MEMORANDUM OF LAW**

**I**.    **Legal Principles**

This is a collective action brought by Plaintiff for alleged unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.* as well as for unpaid compensation pursuant to three (3) state law theories. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United*

1

*States,* 679 F.2d 1350, 1353 (11th Cir. 1982)). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).[1] In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against Sykes which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendant disputes its liability for any overtime payments to Plaintiff, Defendant has ultimately agreed to

---

[1] There is an additional means of dismissal being used in certain cases by the parties that allows dismissal with prejudice using the express provisions of Rule 41(b), Fed. R. Civ. P. The parties have declined to seek dismissal in that manner and have elected to follow the *Lynn's Foods* procedure and review.

pay Plaintiff an amount that compensates Plaintiff for her alleged work off the clock. A major factor in this compromised settlement was the filing of Plaintiff's Corrected First Amended Complaint which removed class and collective allegations, causing this case to be a single Plaintiff claim. This gave the Parties substantial incentive to resolve their differences and consider settlement.

II. **Terms of Settlement**

    A. **Statement of the Case and the Settlement Terms.**

The Plaintiff was employed by Defendant as customer service representatives ("CSRs") as an at home employee. She never worked at a physical location of Defendant. Plaintiff alleged that during her employment with the Defendant she worked off the clock at the start and at the end of many days. The Parties are in substantial disagreement about the issues and the extent, if any, of uncompensated work by Plaintiff.

The Parties believe this settlement is fair and reasonable given the expense of litigation as well as the likelihood of success on the merits of the claim. This settlement was arrived at after considerable negotiation by the attorneys for both Plaintiff and Defendant. Defendant does not admit any liability in this matter.

    B. **FLSA Award.**

In the Corrected First Amended Complaint, Plaintiff claimed both preliminary work off the clock and post-liminary work for which she was not compensated. The parties have agreed upon a settlement that compensates Plaintiff more than completely for all of her claims.

    C. **Attorney's Fees/Costs.**

Plaintiff's counsel will receive $3,500.00 in attorney's fees and costs. The amount does not include a total reimbursement of Plaintiff's counsels' reasonable costs, private contingent

contract, and attorney's fees incurred to date. Counsel for Plaintiff's work to date, includes, but was not limited to work on the following: general investigation of the case, drafting the original Complaint, researching, evaluating and responding to various Defense motions including the Motion to Dismiss, preparing the Amended Complaint, and negotiating the resolution of this case. The time spent on these tasks far exceeds the award set forth above. Plaintiff's counsel has nearly 18 years of experience, and over a decade of experience litigating employment related matters. Additionally, Plaintiff's counsel has incurred costs in the amount of $631.39 which will be reimbursed by Defendant pursuant to the terms of the settlement agreement.

    The fee is also reasonable when viewed against the Plaintiff's personal recovery. The negotiation process evidenced Plaintiff's out-of-pocket loss was approximately $385.00. *See Def's Mem. In Response to Pltf's Motion for Admission Pro Hac Vice*, Dkt. No. 25. Accounting for liquidated damages, Plaintiff's statutory recovery is approximately $770.00. In short, her current recovery is more than *five times* her out of pocket loss *after* the payment of attorneys' fees and costs. Given the substantial discovery that this case would require, multiple trips to Tampa for depositions, at least one trip to Texas for the deposition of Plaintiff, the change in the scope of the claims, and the comparative expense that would be incurred by Defendant, the Parties agreed that this was a reasonable settlement.

    **III**. **Conclusion**

    The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice, retaining jurisdiction only to enforce the terms of this Settlement Agreement.

Respectfully submitted this 24th day of June, 2013.

| Local Counsel for Plaintiff | Counsel for Defendant Sykes Enterprises, Incorporated: |
|---|---|
| s/ Steven R. Maher | s/ John W. Campbell |
| | John W. Campbell, Esq., Fla. Bar No. 198021 |
| | jcampbell@constangy.com |
| | CONSTANGY, BROOKS & SMITH, LLP |
| | 100 N. Tampa Street, Suite 3350 |
| | P. O. Box 1840 |
| | Tampa, FL 33602-1840 |
| | Phone: (813) 223-7166 |
| | Fax: (813) 223-2515 |

2141444.1

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 24th day of June, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

                                  s/ Steven. R. Maher
                                  Local Counsel for Plaintiff

## SERVICE LIST

                s/ Steven. R. Maher
                Local Counsel for Plaintiff

2141444.1